# North Chicago Street Railroad Company v. Eunice Honsinger.

1. VERDICTS—*On Conflicting Evidence.*—The evidence in this case is conflicting, and the jury having resolved the doubt in favor of appellee their verdict must stand.

**Trespass on the Case,** for personal injuries. Appeal from the Superior Court of Cook County; the Hon. HENRY V. FREEMAN, Judge, presiding. Heard in this court at the March term, 1897. Affirmed. Opinion filed May 6, 1897.

## STATEMENT OF THE CASE.

This was an action by Eunice Honsinger to recover damages for personal injuries alleged to have been received through the negligence of the North Chicago Street Railroad Company.

The plaintiff was a passenger on the North Clark street car of the defendant, north-bound, and when the car arrived at or near the intersection of Clark and Center streets it came to a sudden stop, whereby the plaintiff was thrown against the dash-board of the car and received injuries.

The defendant admitted a technical liability, but no damages.

On the trial the jury found the defendant guilty and assessed the plaintiff's damages at $4,000; and judgment having been entered on the verdict the defendant brings the record to this court for review.

EGBERT JAMIESON and JOHN A. ROSE, attorneys for appellant.

DENT & WHITMAN, attorneys for appellee.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

In this case it appeared that the plaintiff, eleven years previous to the accident, had suffered a miscarriage. She had not consciously suffered therefrom.

Various medical experts testified in the present case that pains and troubles from which she now complains are the result of that miscarriage, and especially of a lacerated condition of the cervix of the womb, which laceration they attribute to the miscarriage and not to the accident.

Other experts attributed all the pains appellee now endures to the accident.

The jury, quite naturally, resolved the doubt in favor of the sufferer and against the corporation.

In view of instructions numbers six and seven, given at the instance of the defendant, we do not think that the jury were misled by instruction number two, given at the request of the plaintiff.

If the present state of appellee is attributable to the accident, the damages awarded are not excessive.

The judgment of the Superior Court is affirmed.